## UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

COURTNEY RAVEN KINCY,

      Plaintiff,

    v.                            Case No.:  6:25-cv-00659-RBD-LHP

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant,

---

### REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

Courtney Raven Kincy ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Doc. No. 1.  Claimant raises two assignments of error regarding the Commissioner's decision and, based on those arguments, requests that the matter be remanded for further proceedings.  Doc. Nos. 23, 25.  The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and that the final decision of the Commissioner should be affirmed.  Doc. No. 24.  For the reasons discussed herein, it is **RESPECTFULLY RECOMMENDED** that the Commissioner's final decision be **AFFIRMED**.

## I.      PROCEDURAL HISTORY.[1]

This case arises from Claimant's DIB and SSI applications, filed on February 4, 2021, and alleging a disability onset date of January 1, 2020.  *See* R. 71-72, 107-08.  Her claims were denied initially and on reconsideration, and Claimant requested a hearing before an ALJ.  R. 109-65.  A hearing was held before the ALJ on March 9, 2022, at which Claimant appeared *pro se*.  R. 166-77, 37-70.  Claimant and a vocational expert ("VE") testified at the hearing.  R. 37-70.  After the hearing, the ALJ issued an unfavorable decision finding that Claimant was not disabled.  R. 18-36.  On April 28, 2023, the Appeals Council denied Claimant's request for review.  R. 1-7.

Claimant timely appealed that decision in the United States District Court for the Western District of New York.  *See Duncan v. Commissioner of Social Security*, Case No. 6:23-cv-06355-EAW (Doc. No. 1).  On the parties' stipulation, the case was reversed and remanded for further administrative proceedings.  R. 1015-17.  The Appeals Council then remanded the matter to the ALJ for a new hearing.  R. 1027-33.  A second administrative hearing was held on December 6, 2024, at which Claimant was represented by an attorney.  R. 1196-1216, 981-1014.  Claimant and a vocational expert ("VE") testified at the hearing.  R. 981-1014.  On January 31, 2025,

---

[1] The transcript of the administrative proceedings is available at Doc. No. 21, and will be cited as "R.___."

the ALJ issued another unfavorable decision finding that Claimant was not disabled. R. 953-80. Claimant now seeks review in this Court. Doc. No. 1.[2]

## II.   THE ALJ'S DECISION.[3]

After careful consideration of the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a), 416.920(a). R. 956-71.[4] The ALJ first found that Claimant met the insured status requirements of the

---

[2] *See generally* 20 C.F.R. § 404.984(a) ("[W]hen a case is remanded by a Federal court for further consideration and the Appeals Council remands the case to an administrative law judge, or an administrative appeals judge issues a decision pursuant to § 404.983(c), the decision of the administrative law judge or administrative appeals judge will become the final decision of the Commissioner after remand on your case unless the Appeals Council assumes jurisdiction of the case."); *see also* 20 C.F.R. § 416.1484 (same).

[3] Upon a review of the record, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record in their briefing. Doc. Nos. 23-25. Accordingly, the undersigned adopts those facts referenced and only restates them herein as relevant to considering the issues raised by Claimant.

[4] An individual claiming Social Security disability benefits must prove that he or she is disabled. *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled:

> (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."

Social Security Act through March 31, 2020. R. 959. The ALJ also concluded that Claimant had not engaged in substantial gainful activity since January 1, 2020, the alleged disability onset date. *Id.* The ALJ further found that Claimant suffered from the following severe impairments: osteoarthritis of the bilateral knees, unspecified disorder of the lumbar spine with sciatica, and obesity. R. 960. The ALJ also concluded that Claimant's medically determinable impairments of asthma, calculus of gallbladder, diabetes mellitus, major depressive disorder, panic disorder, and other mixed anxiety disorders were non-severe, and that Claimant's unspecified pain in her ankles and feet was not a medically determinable impairment. R. 961. The ALJ then determined that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. R. 963.

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform the full range of sedentary work as defined in the Social Security Regulations.[5] R. 964-70. Based on this

---

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)).

[5] The Social Security Regulations define sedentary work to include:

lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if

assessment, the ALJ found that Claimant had no past relevant work.  R. 970.  The ALJ next found that there were jobs that exist in significant numbers in the national economy that Claimant could perform, but did not point to any specific examples. *Id.*  In reaching this conclusion, the ALJ noted that if a claimant can perform all or substantially all of the exertional demands at a given level of exertion – in this case at the sedentary level – the Medical-Vocational rules direct a conclusion of "disabled" or "not disabled."  *Id.*  Given the ALJ's finding that Claimant had an RFC for the full range of sedentary work, and after also considering Claimant's age, education, and work experience, the ALJ found that a finding of "not disabled" was directed by Medical-Vocational Rule 201.24.  *Id.*[6]

The ALJ did not rely on the VE's testimony regarding examples of representative occupations (such as Charge Account Clerk, Document Preparer, Election Clerk, Eyeglass Frames Polisher, and Telephone Information Clerk),

---

walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a), 416.967(a).

[6] Medical-Vocational Rule 201.24 is part of the Medical-Vocational Guidelines, which "include detailed grid regulations which, based on a claimant's residual functional capacity, age, education, and work experience, compel a conclusion on the issue of ability to perform other substantial work, and thus as to whether the claimant is disabled."  *See Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985); *see also* 20 C.F.R. § Pt. 404, Subpt. P, App. 2.  Medical-Vocational Rule 201.24 is one such "grid," which directs a finding of "not disabled" for a younger individual aged 18-44, with limited or marginal education (but not illiterate), and who is unskilled, where the claimant's residual functional capacity is limited to sedentary work.  *See* 20 C.F.R. § Pt. 404, Subpt. P, App. 2.

because this testimony did not comport with the requirements of SSR 24-3p. *Id.*[7] However, the ALJ did note that the VE's testimony further supported the underlying rationale of Medical Vocational Rule 201.24 that there are jobs that exist in significant numbers in the national economy that Claimant could perform. R. 970-71.

Accordingly, the ALJ concluded that Claimant had not been under a disability, as defined in the Social Security Act, from January 1, 2020, the alleged disability onset date, through the date of the decision. R. 971.

## III.    STANDARD OF REVIEW.

The Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are

---

[7] SSR 24-3p explains how an ALJ may use VE evidence and determine when VE evidence is adequate to support a decision at step four or five. *See* SSR 24-3p, 89 FR 97158-01, 2024 WL 4988840 (Dec. 6, 2024). To that end, VEs are expected to identify the sources of the data they use and, where applicable, to explain their general approach to estimating job numbers. *Id.* Where data sources VEs rely upon utilize definitions differing from those utilized in the SSRs, VEs are expected to explain those differences. *Id.* VEs must also address any other concerns raised. *Id.* SSR 24-3p also offers guidance on the types of evidence VEs may provide. *Id.* For example, VEs may provide evidence regarding job estimates, or the physical and mental demands of past relevant work. *Id.*

supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## IV.    ANALYSIS.

Claimant raises two assignments of error in this appeal. Doc. No. 23. First, Claimant argues that the ALJ erred at step two of the sequential evaluation process in concluding that Claimant's mental impairments were not severe. *Id.* at 4. Second, Claimant argues that the ALJ failed to account for any mental limitations in

assessing Claimant's RFC.  *Id.*  The Commissioner responds in opposition, arguing that substantial evidence supports the ALJ's decision.  Doc. No. 24.[8]

   *A.    Step Two.*

Claimant's first assignment of error is that the ALJ erred at step two by finding Claimant's major depressive disorder, panic disorder, and anxiety disorder to be non-severe impairments.  Doc. No. 23, at 4-8.  Specifically, Claimant contends that the ALJ erred in assessing the record evidence, and did not properly apply the "Psychiatric Review Technique" ("PRT")[9] to Claimant's mental impairments.  *Id.*

At step two of the sequential evaluation process, the ALJ must determine whether the claimant has a medically determinable impairment that is severe or a combination of impairments that are severe.  20 C.F.R. §§ 404.1520(c), 416.920(c).  In order to constitute a severe impairment at step-two, an impairment must significantly limit an individual's ability to perform basic work skills. *Id.*  In contrast, non-severe impairments "[do] not significantly limit [a claimant's] physical or

---

[8] Claimant filed a reply brief, which merely states that Claimant "deems no reply necessary because any reply would simply duplicate arguments made in the original brief."  Doc. No. 25.

[9] The "Psychiatric Review Technique" must be applied at step two where a claimant makes a "colorable claim" of mental impairment.  *See Kosich v. Kijakazi*, No. 8:21-cv-853-CPT, 2022 WL 17249444, at *3 (M.D. Fla. Nov. 28, 2022) (quoting *Moore*, 405 F.3d at 1213).  The PRT requires an assessment of how the claimant's  mental impairment affects four broad functional areas (i.e., the "Paragraph B criteria): (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentrating, persisting, or maintaining pace; and (4) adapting or managing oneself."  *Id.*; 20 C.F.R. §§ 404.1520a(c)(3). 416.920a(c)(3).

mental ability to do basic work activities."   *See* 20 C.F.R. §§ 404.1522, 416.922.

Impairments are considered non-severe "only if the abnormality is so slight and its

effect so minimal that it would clearly not be expected to interfere with the

individual's ability to work, irrespective of age, education or work experience.'"

*Williams v. Soc. Sec. Admin.*, 661 F. App'x 977, 979 (11th Cir. 2016) (quoting *McDaniel*

*v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)).[10]  "Consequently, in many, if not

most cases, there will be no functional limitations from a nonsevere impairment."

*Sprague v. Colvin*, No. 8:13-cv-576-T-TGW, 2014 WL 2579629, at *6 (M.D. Fla. June 9,

2014).

   The Eleventh Circuit has "described step two as a 'filter' requiring the denial

of any disability claim where no severe impairment or combination of impairments

is present." *Tuggerson–Brown v. Commissioner of Social Security*, 572 F. App'x 949, 950

(11th Cir. 2014) (quoting *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir.1987)).  "To

proceed to step three of the evaluation process, an ALJ need only conclude that an

applicant had 'at least one' severe impairment." *Id.* at 951 (quoting *Jamison*, 814 F.2d

at 588). "Thus, so long as the ALJ finds any impairment or combination of

impairments severe at step two, the ALJ may proceed to the remaining steps in the

sequential evaluation process and there is no need for the ALJ to identify every

---

[10] Unpublished opinions of the Eleventh Circuit are cited as persuasive authority.
*See* 11th Cir. R. 36–2.

severe impairment at step-two." *Beadnell v. Comm'r of Soc. Sec.*, No. 6:13-cv-1875-Orl-GJK, 2015 WL 419032, at \*3 (M.D. Fla. Feb. 2, 2015) (citing *Tuggerson-Brown*, 572 F. App'x at 951).  *See also Farrington v. Astrue*, No. 3:09–cv–94–J–TEM, 2010 WL 1252684, at \*4 (M.D. Fla. Mar. 29, 2010) (citing authority and explaining that finding a single impairment at step-two is all that is required so long as the ALJ considers all impairments, both severe and non-severe, throughout the sequential evaluation process, including in determining claimant's RFC).

In this case, the ALJ concluded at step two that Claimant's mental impairments were non-severe, but also found that Claimant had other severe impairments of osteoarthritis of the bilateral knees, unspecified disorder of the lumbar spine with sciatica, and obesity, before proceeding to step three of the process.  R. 960-963.  And as discussed in more detail below, the ALJ also considered Claimant's mental impairments when determining Claimant's RFC.  R. 966-67, 969.  Thus, even assuming the ALJ erred in determining that Claimant's mental impairments were non-severe, any error would be harmless because "[t]he finding of any severe impairment, based on either a single impairment or a combination of impairments, is enough to satisfy step two[.]"  *Burgin v. Comm'r of Soc. Sec.*, 420 F. App'x 901, 902 (11th Cir. 2011) (citations omitted).  *See also Ball v. Comm'r of Soc. Sec.*, 714 F. App'x 991, 992-93 (11th Cir. 2018) (finding harmless error where ALJ did not determine depression was severe because the ALJ considered other severe

impairments and moved forward with the sequential evaluation); *Dutt v. Comm'r of Soc. Sec.*, No. 6:23-cv-472-DCI, 2024 WL 6881570, at *3, n. 2 (M.D. Fla. Feb. 2, 2024) ("To the extent Claimant argues that the ALJ erred in not finding Claimant's mental impairments to be severe, such an error—even if it had occurred—would be harmless and would not warrant remand, because the ALJ continued with the sequential evaluation and further considered Claimant's mental functioning in her RFC determination."); *Owens v. Colvin*, No. 3:15-cv-409-J-JBT, 2015 WL 12856780, at *4 (M.D. Fla. Oct. 15, 2015) ("[E]ven assuming the ALJ erred at step two of the sequential evaluation process in failing to find a severe mental impairment, any such error is harmless.  Any error at step two of the sequential evaluation process is typically harmless so long as the ALJ finds at least one severe impairment and proceeds to the next step.").

> B.     *Claimant's RFC.*

Next, Claimant contends that the ALJ erred by failing to account for Claimant's mental impairment in formulating the RFC.  Doc. No. 23, at 8-11.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work.  *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004), *superseded on other grounds by* 20 C.F.R. § 404.1520c, 20 C.F.R. §§ 404.1520(a)(4)(i)–(v), 416.920(a)(4)(i)–(v)).  The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments."

*Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).  In determining a claimant's

RFC, the ALJ must consider all relevant evidence, including the opinions of medical

and non-medical sources.  20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).  The ALJ must

also consider all of a claimant's medically determinable impairments, including

those that are not severe.  *Id.* §§ 404.1545(a)(2), 416.945(a)(2); *Schink v. Comm'r of Soc.*

*Sec.*, 935 F.3d 1245, 1268–69 (11th Cir. 2019); *see also Estelle v. Comm'r of Soc. Sec.*, No.

6:13-cv-1490-Orl-GJK, 2015 WL 1035258, at *4 (M.D. Fla. Mar. 10, 2015) ("In reaching

an RFC determination, the regulations unequivocally require that the ALJ consider

all limitations from the Claimant's impairments, including those limitations from

impairments that the ALJ found non-severe at step-two.  This makes sense because

a claimant's impairments, even if non-severe, may still impose limitations on a

claimant's functional ability."  (citations omitted)).

Claimant argues that the ALJ did not discuss in any detail and made no actual

assessment of Claimant's mental impairments and limitations in assessing the RFC.

Doc. No. 23, at 8-9.  But a review of the ALJ's decision reveals this not to be the case.

Rather, the ALJ discussed Claimant's mental impairments in detail.  At step two,

the ALJ specifically addressed Claimant's major depressive disorder, panic

disorder, and other mixed anxiety disorders, and in particular applied the

"Paragraph B" criteria set forth in 20 C.F.R. §§ 404.1520a(c)(3). R. 961-63.[11] The ALJ found no more than mild limitations in Claimant's understanding, remembering and applying information, interacting with others maintaining concentration, persistence, and pace, and adapting and managing herself. R. 961-62. The ALJ also considered Claimant's own testimony, including her activities of daily living, as well as the medical evidence of record. *Id.*

In addition, in assessing Claimant's RFC, the ALJ considered two Psychological Consultative Examinations of Claimant, one in November 2023 and the other in April 2021. R. 966-67. *See also* R. 1413-18; R. 785-88. Both examining providers opined that Claimant had no limitations with her mental work-related abilities, and the ALJ found these opinions to be persuasive because they were supported by their examination findings and because they were consistent with Claimant's longitudinal medical record, which showed limited mental health treatment and generally normal psychiatric examination findings, as well as Claimant's own reported functioning. *Id.* The ALJ also considered the State Disability Determination Service's psychological and medical consultant's prior administrative medical findings, and noted that those records showed no mental limitations, and thus no severe mental impairments. R. 969. *See also* R. 82-83, 97-98,

---

[11] Claimant contends that the ALJ did not properly apply the "Paragraph B" criteria, but as discussed herein, that contention is not accurate.

1021-22, 1037-38, 931-32.  And the ALJ noted similar medical findings in November 2023 and January 2024 for the Claimant's SSI application.  R. 969; *see also* R. 1021-22, 1037-38.  The ALJ determined that these medical findings were persuasive to the extent they supported no more than mild mental limitations and consequently a finding of only non-severe mental impairments, and further found that they were supported by detailed reviews of the medial record and were consistent with Claimant's longitudinal medical record.  R. 969.

In sum, and contrary to Claimant's arguments, the ALJ carefully considered Claimant's mental impairments; they were not ignored in fashioning the RFC.  And substantial evidence supports the ALJ's determination both that Claimant's mental impairments were non-severe, and that no RFC limitations were required.  *See, e.g., Jones v. Comm'r of Soc. Sec.*, No. 3:24-cv-406-DNF, 2025 WL 1728789, at *6 (M.D. Fla. June 23, 2025) (finding no error where ALJ found claimant's mental status exam was within normal limits, and that no mental limitations needed to be included in the RFC assessment); *Hepburn v. O'Malley*, No. 6:24-cv-540-SJH, 2024 WL 4647948, at *4 (M.D. Fla. Nov. 1, 2024) ("[I]n formulating the RFC, the ALJ did specifically discuss Plaintiff's alleged mental-health issues and explained why no corresponding limitations were imposed.  Plaintiff has not carried her burden of showing specific additional limitations beyond those that were imposed."); *Dutt*, 2024 WL 6881570, at *2-3 (finding substantial evidence supported ALJ's finding that claimant's mental

-14-

impairments were non-severe and therefore did not include any limitations in the RFC, where ALJ considered mental impairments throughout the opinion and in making the RFC determination, supported her findings by referencing consultative examinations and prior administrative medical findings, cited to the "Paragraph B" mental function analysis, and discussed other opinion evidence);   *See also Faircloth v. Comm'r of Soc. Sec.*, No. 6:21-cv-782-EJK, 2022 WL 2901218, at *2 (M.D. Fla. July 22, 2022) ("Notably, an ALJ is not required to include mental limitations in the RFC finding merely because he identified mild mental limitations in the PRT criteria." (citing *Williams*, 661 F. App'x at 979-80)); *Medwit v. Comm'r of Soc. Sec.*, No. 2:20-cv-143-JLB-NPM, 2021 WL 1341390, at *5 (M.D. Fla. Feb. 22, 2021) ("Since the ALJ only assessed 'mild' limitations in the four areas of mental functioning, the ALJ did not err by not providing a mental RFC."), *report and recommendation adopted*, 2021 WL 1138179 (M.D. Fla. Mar. 25, 2021).[12]

To the extent Claimant points to other portions of the record that she says supports the inclusion of non-exertional limitations (including that Claimant was

---

[12] Claimant cites in support *Arce v. Comm'r of Soc. Sec.*, No. 23-11315, 2024 WL 36061, at *2 (11th Cir. Jan. 3, 2024); *Green v. Comm'r of Soc. Sec.*, No. 8:24-cv-1424-JSM-SJH, 2025 WL 688972, at *3 (M.D. Fla. Feb. 14, 2025), *report and recommendation adopted*, No. 8:24-cv-1424-JSM-SJH, 2025 WL 676231 (M.D. Fla. Mar. 3, 2025); and *Byron-Corbin v. Colvin*, No. 8:24-cv-703-MSSCPT, 2025 WL 449850, at *4-5 (M.D. Fla. Jan. 25, 2025).  Doc. No. 23, at 10-11.  Those decisions are distinguishable and unpersuasive, however, as in those cases the ALJ completely failed to mention or consider any mental impairments in fashioning the RFC.

placed on sertraline, had endorsed no improvement with breathing exercises, and was consistently anxious and experiencing panic attacks), what Claimant really asks is for the Court to reweigh the evidence, which the Court cannot do.  *See* Doc. No. 23, at 11; R. 326, 506, 1380-81, 1385, 1388, 1391, 1544, 1554.  *See also Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner]." (citations and quotations omitted)); *Suzor v. Comm'r of Soc. Sec.*, No. 6:23-cv-305-NPM, 2024 WL 1252385, at *5 (M.D. Fla. Mar. 25, 2024) ("A claimant 'must do more than point to evidence in the record that supports [his] position; [he] must show the absence of substantial evidence supporting the ALJ's conclusion.'" (alterations in original) (quoting *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017))); *Marone v. Comm'r of Soc. Sec.*, No. 2:14-cv-616-FtM-CM, 2016 WL 1253575, at *7 (M.D. Fla. Mar. 31, 2016) ("The Eleventh Circuit . . . has held that 'there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision[.]'" (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)).

## V.    RECOMMENDATION.

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that that the Court **AFFIRM** the final decision of the Commissioner.  It is further **RECOMMENDED** that the Court direct the Clerk of

-16-

Court to issue a judgment consistent with its Order on this Report and Recommendation and, thereafter, to close the case file.

## NOTICE TO PARTIES

A party has fourteen days from the date the Report and Recommendation is served to serve and file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to serve written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 10, 2026.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy

-17-